KLINEBURGER & NUSSEY
ATTORNEYS AT LAW
By: Richard F. Klineburger, III, Esquire
38 North Haddon Avenue
Haddonfield, New Jersey 08033
(856) 428-7469
Attorney for Plaintiff

RECEIVED
WILLIAM T. WALSH, CLERK

2007 AUG 15  A 10: 53

UNITED STATES
DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Tina Marshello and Joseph Marshello (husband & wife)<br><br>    Plaintiff(s),<br>vs.<br><br>Atlantic City, Atlantic City Police Department, Detective Joseph M. Rauch, Resorts Hotel and Casino, Nikki Beach Nightclub and JOHN DOE EMPLOYEES (1-5)<br><br>    Defendants. | CIVIL ACTION NO. 07CV3888(RMB)<br><br>District Judge<br><br>COMPLAINT AND JURY DEMAND |

    Plaintiffs, Tina Marshello and Joseph Marshello, by way of Complaint against Defendants say:

**PARTIES**

    1.    Plaintiff, Tina Marshello, is an adult individual, is the wife of Plaintiff, Joseph Marshello, and is a citizen of the State of New Jersey residing in Absecon, Atlantic County.

    2.    Plaintiff, Joseph Marshello, is an adult individual, is the husband of Plaintiff, Tina Marshello, and is a citizen of the State of New Jersey residing in Absecon, Atlantic County.

    3.    Defendant, Atlantic City, was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, with a principal place of business located at 1301 Bacharach Boulevard, Atlantic

City, New Jersey.

3. Defendant, Detective Joseph M. Rauch, was at all times relevant, an employee of the Defendant Police Department of Defendants, Atlantic City, a municipal corporation or organization with a principal place of business located at 2715 Atlantic Avenue, Atlantic City, New Jersey. At all times herein mentioned, Defendant Rauch was acting under the color of law and authority as an officer/detective of the Defendant, Atlantic City and/or Defendant Atlantic City Police Department.

4. Defendant, Resorts Hotel and Casino is a business entity and/or corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, with a principal place of business located at 1133 Boardwalk, Atlantic City, New Jersey.

5. Defendant, Nikki Beach is a business entity and/or corporation duly organized and at the time of the incidents set forth herein, existing under the and by virtue of the laws of the State of New Jersey and with offices located at one Ocean Drive, City of Miami Beach, State of Florida. Defendant Nikki Beach leased space from Defendant Resorts for the purpose of operating a bar and restaurant facility on the Atlantic City Beach.

6. Defendants, John Does 1-5 are and/or were employees of Nikki Beach Nightclub which was located at and/or in the facility owned by Defendants, Resorts Hotel and Casino and at all times relevant hereto, were acting within their duties as employees of Nikki Beach Nightclub and/or Resorts Hotel and Casino.

### JURISDICTION AND VENUE

7. The Court has jurisdiction over the lawsuit because

the action arises under the Laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments and 42 U.S.C.A. § 1983. Plaintiff was deprived of her rights secured to her under the Constitution and the laws of the United States including, but not limited to, her right to be secure in her person and property and be free from unlawful arrests and seizures, and freedom from imprisonments when no probable cause exists. Plaintiff, Tina Marshello was arrested, charged, and incarcerated without probable cause. While being subjected to these violations, she suffered assaults and sustained severe and permanent injuries to her person.

8. Plaintiff, Tina Marshello, was falsely charged without probable cause and was falsely and maliciously imprisoned and prosecuted without any cause or legal justification.

9. The Court has supplemental jurisdiction under 28 U.S.C § 1367 over Plaintiffs' claims arising under State law, including but not limited to violations of their State Constitutional rights against Defendants, false arrest, false imprisonment, assault, malicious prosecution, loss of consortium and intentional and negligent infliction of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the claims at issue arose in this judicial district.

**COMPLAINT**

**GENERAL ALLEGATIONS**

11. Plaintiffs hereby incorporate the allegations of the previous paragraphs of Plaintiffs' complaint as if set forth at length herein but will not be restated for the sake of brevity.

12. On or about August 21, 2005 at approximately 12:00 a.m., Plaintiff, Tina Marshello, was lawfully present along with her companions at Defendant Nikki Beach, located within the facility owned and operated by Defendant, Resorts Hotel and Casino in Atlantic City, Atlantic County, State of New Jersey.

13. Plaintiff, Tina Marshello, was attempting to leave the facility with her companions, including one companion who was eight months pregnant and who, due to her condition and need to stay hydrated, was carrying a plastic water bottle purchased though Defendant Resorts and/or Defendant Nikki Beach.

14. While attempting to leave the facility with her pregnant companion, Plaintiff, Tina Marshello, and her companions were stopped by Defendant, John Doe Employee, who told them that they were not allowed to walk back into Defendant Resorts Hotel and Casino with a plastic water bottle.

15. Assuming Defendant John Doe Employee was not talking to them, Plaintiff, Tina Marshello, and her pregnant companion continued their walk towards the exit. Plaintiff agreed to hold the plastic water bottle for her pregnant companion while her companion headed towards the restroom facility.

16. Defendant, John Doe Employee, then alerted Defendant Atlantic City Police Officer Rauch by whistling and pointing to Plaintiff and her companions.

17. Without even effecting an investigatory stop or inquiry of Plaintiff, Tina Marshello, and companions, Defendant Rauch,

barreled towards Plaintiff, and attempted to tackle her to the ground while wrestling a plastic water bottle from her grip, Defendant Rauch also emptied out the entire contents of Plaintiff's purse onto a nearby planter.

18. Plaintiff's companions were attempting to explain to Defendants John Doe Employee 1 and Rauch that they must have made "a mistake" in identification.

19. In direct response thereto, Defendant Rauch illegally arrested and charged Plaintiff, Tina Marshello, assaulting her person in the process. Defendant Rauch issued the criminal charge of Disorderly Conduct in a Public Place against Plaintiff.

20. As a result of the handcuffs being applied far in excess of that which was necessary or legal, along with the tackling and assault and battery inflicted by Defendant Rauch, Plaintiff, Tina Marshello, was caused to suffer severe and permanent personal injuries including but not limited to injuries to her wrist, elbow, humerus, back, neck, head, leg, upper extremities and other areas which have required medical care. She has been caused to undergo medical treatment including, but not limited to painful injections and physical therapy. She has been caused to incur medical expenses and loss of employment. She has been rendered disabled and unable to enjoy her prior life activities.

21. Plaintiff, Tina Marshello, was transported to the Atlantic City Police Station where she was locked in a jail cell and deprived of her liberty.

22. The charges issued by Defendants Rauch and the Atlantic

City Police Department were dismissed with prejudice. No criminal charges are pending against Plaintiff at the time of this filing.

## COUNT I

### RIGHT OF PEOPLE TO BE SECURE IN THEIR PERSONS, DEPRIVATION OF 4th AMENDMENT (Atlantic City, Police Department & Rauch)

23. Plaintiffs hereby incorporate the allegations of the previous paragraphs of Plaintiffs' complaint as if set forth at length herein but will not be restated for the sake of brevity.

24. The above described actions of Defendants' on August 21, 2005 constitute violations of Plaintiff's constitutionally protected right to be secure in her person as provided by the 4th Amendment of the United States Constitution.

## COUNT II

### FALSE ARREST AND FALSE IMPRISONMENT SECTION 1983, CIVIL RIGHTS ACT (Atlantic City, Police Department & Rauch)

25. Plaintiffs hereby incorporate the allegations of the previous paragraphs of Plaintiffs' complaint as if set forth at length herein but will not be restated for the sake of brevity.

26. The arrest and detention of Plaintiff, Tina Marshello, by Defendants were carried out unlawfully, intentionally and maliciously, without just or probable cause, for the express purpose of trying to justify the illegal arrest of Plaintiff. As such, such actions constitute a false arrest and false imprisonment.

27. The arrest and detention of Plaintiff by Defendants violated her rights under the United States Constitution and the New Jersey Constitution and the Laws of the State of New Jersey.

### COUNT III

### DEPRIVATION OF FEDERALLY-PROTECTED RIGHTS

### 4th and 14th AMENDMENTS (Atlantic City, Police Department & Rauch)

28. Plaintiffs hereby incorporate the allegations of the previous paragraphs of Plaintiffs' complaint as if set forth at length herein but will not be restated for the sake of brevity.

29. The actions of Defendants as police officers were committed under color of and authority of Defendants Atlantic City and its Police Department, and while acting in that official capacity. The actions or inactions of the Defendants Atlantic City and its Police Department deprived Plaintiff of her rights under the Laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments and 42 U.S.C.A. § 1983.

30. Plaintiff, Tina Marshello, was thereby deprived of rights and immunities secured under the Constitution and Laws of the United States, including but not limited to the right to be secure in her person, to be free from unlawful seizures, arrests and the excessive use of force, and to be afforded due process and equal protection under the laws.

### COUNT IV

### NEGLIGENCE (Atlantic City, Police Department & Rauch)

31. Plaintiffs hereby incorporate the allegations of the previous paragraphs of Plaintiffs' complaint as if set forth at length herein but will not be restated for the sake of brevity.

32. Defendants, Atlantic City and its Police Department, as a matter of policy and practice failed to discipline, train or otherwise sanction police officers and detectives who violate the

rights of citizens, including the Plaintiff's, thus encouraging Defendant Rauch in this case to engage in the unlawful and actionable conduct described above.

33. Defendants, Atlantic City and its police department as a further matter of policy and practice failed to train properly its police officers and detectives, including Defendant Rauch, in this case, with respect to the constitutional, statutory and departmental limits of their authority.

34. At all times herein mentioned, Defendant Rauch was acting as the agent, servant and/or employee of the Defendants Police Department and therefore, their acts are attributable to Defendants, Atlantic City.

35. The Defendants Municipal Authority and Police Department were on actual notice of a need to train, supervise, discipline or terminate its Defendants officers and detectives prior to the incident in question as other similar incidents have occurred in the past involving their officers.

36. As a result of the acts and failure to act of the named Defendants herein, Plaintiff, Joseph Marshello, as husband of Plaintiff, Tina Marshello, was deprived of the care, companionship, and affections of his wife, Plaintiff, Tina Marshello.

### COUNT V

### ASSAULT AND BATTERY (Rauch)

37. Plaintiffs hereby incorporate the allegations of the previous paragraphs of Plaintiffs' complaint as if set forth at length herein but will not be restated for the sake of brevity.

38. The above described illegal arrest of Plaintiff constitutes an assault and battery by Defendant Rauch, as a result of which Plaintiff was injured and may require surgery as well as sustaining severe and significant personal injuries and emotional distress.

39. As a result of the acts and failure to act of the named Defendants herein, Plaintiff, Joseph Marshello, as husband of Plaintiff, Tina Marshello, was deprived of the care, companionship, and affections of his wife, Plaintiff, Tina Marshello.

### COUNT VI

### MALICIOUS PROSECUTION (Police Department & Rauch)

40. Plaintiffs hereby incorporate the allegations of the previous paragraphs of Plaintiffs' complaint as if set forth at length herein but will not be restated for the sake of brevity.

41. The actions of Defendants amount to a malicious prosecution under both 28 U.S.C. section 1983 and the common law.

### COUNT VII

### NEGLIGENCE (Resorts, Nikki Beach and John Doe Employees)

42. Plaintiffs hereby incorporate the allegations of the previous paragraphs of Plaintiffs' complaint as if set forth at length herein but will not be restated for the sake of brevity.

43. Defendants Resorts and Nikki Beach owed a duty of care to its patrons, including Plaintiff, Tina Marshello. Defendants Resorts and Nikki Beach owed a duty to its patrons, including Plaintiff, to operate their facility in a safe and reasonable manner. Defendants Resorts and Nikki Beach owed a duty to its

patrons, including Plaintiff, to maintain a safe environment for their patrons and train their employees to care for their patrons in a reasonable and safe manner. Defendants Resorts and Nikki Beach owed a duty to its patrons, including Plaintiff, to select appropriate employees and agents to provide a safe atmosphere for its patrons, including Plaintiff, based upon the employee's experience, skill, knowledge, temperament and training. Defendants Resorts and Nikii Beach knew and/or should have known that their patrons, including Plaintiff, rely upon their skill, judgment and experience to properly and reasonably maintain the facility.

44. On or about August 21, 2005, Defendants Resorts, Nikki Beach and John Does Employees 1-5 were negligent, careless and/or reckless in that they failed to operate their facility in a safe and reasonable manner; failed to maintain nor train their employees, and/or otherwise care for their patrons, including Plaintiff, in a reasonable and safe manner; failed to select an appropriate employee and/or agent in the form of a police office security agent based upon his/her skill, experience and knowledge and/or were otherwise negligent, careless and/or reckless. Defendants Resorts and Nikki Beach knew and/or should have known that this particular employee, John Doe and Defendant Rauch had been negligently and/or improperly trained and/or was not otherwise suitable for their duties.

45. As a result of the negligence, carelessness and/or recklessness of the Defendants Resorts, John Doe and Nikki Beach, on August 21, 2005, Plaintiff, Tina Marshello, was caused to suffer severe and permanent personal injuries including but not

limited to injuries to her wrist, elbow, humerus, back, neck, head, leg, upper extremities and other areas which have required medical care. She has been caused to undergo medical treatment including, but not limited to painful injections and physical therapy. She has been caused to incur medical expenses and loss of employment. She has been rendered disabled and unable to enjoy her prior life activities.

46. As a result of the acts and failure to act of the named Defendants herein, Plaintiff, Joseph Marshello, as husband of Plaintiff, Tina Marshello, was deprived of the care, companionship, and affections of his wife, Plaintiff, Tina Marshello.

**COMPLIANCE WITH NOTICE PROVISIONS**

47. Plaintiff timely presented her claims to Defendants as required by Tort Claims Act for the State of New Jersey.

**DAMAGES**

48. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

49. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered physical pain and suffering in the past and future, severe mental anguish in the past and future suffered, was deprived of her State and Federal Constitutional Rights as aforementioned, and will suffer economic damages and was otherwise damaged.

50. The incident has also resulted in injuries requiring painful injections, physical therapy and eventual surgery and Plaintiff has suffered and will suffer in the future from permanent residuals.

## ATTORNEY FEES

51. It was necessary for Plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgement Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

## PRAYER

52. The above paragraphs are repeated and incorporated herein by reference as if set forth in full. Wherefore, Plaintiff demands judgement against Defendants individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

## Plaintiffs' DEMAND FOR JURY TRIAL

Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

By: _____
RICHARD F. KLINEBURGER, III, ESQUIRE
Attorney for Plaintiff